UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIZABETH WEIDMANN-
GIFFORD,

    Plaintiff,

v.                                     Case No: 8:21-cv-854-CEH-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## ORDER[1]

THIS MATTER is before the Court on Defendant's Unopposed Motion for Entry of Judgment with Remand ("Motion"). (Dkt. 18.) In the Motion, Defendant Commissioner of Social Security ("Commissioner") requests, pursuant to sentence four of 42 U.S.C. § 405(g), that this action be reversed and remanded to the Commissioner for the following reasons:

> The Commissioner believes that remand would be appropriate in this case to have the Appeals Counsel direct that this case be assigned to a different Administrative Law Judge (ALJ) who will offer Plaintiff the opportunity for a hearing and issue a new decision.

(Dkt. 18.) Plaintiff has no objection to the requested relief.

---

[1] The parties consented to the undersigned's disposition of the Motion and the presiding district court judge approved their consent. (Dkts. 21, 22, 23.)

- 2 -

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). When a case is remanded under sentence four of § 405(g), the district court's jurisdiction over the plaintiff's case is terminated. *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996); *Sullivan v. Finkelstein*, 496 U.S. 617, 625 (1990) (finding that a district court's order remanding under sentence four of § 405(g) "terminated the civil action challenging the Secretary's final determination that respondent was not entitled to benefits"). "Immediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court) is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A remand under sentence four of § 405(g) "is based upon a determination that the Commissioner erred in some respect in reaching the decision to deny benefits." *Jackson*, 99 F.3d at 1095. Here, the Commissioner concedes error by requesting a reversal of the Commissioner's decision. Accordingly, it is

**ORDERED**:

1. The Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 18) is **GRANTED**.

2. The Commissioner's decision denying Plaintiff's application for social security benefits is **REVERSED**.

3. The case is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with the reasons stated in the Commissioner's Unopposed Motion for Entry of Judgment with Remand (Dkt. 18) and herein.

4. The Clerk of the Court is directed to enter judgment in Plaintiff's favor, terminate all other pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida, on February 11, 2022.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record